```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

------------------------------x
                              :
CARROLL HUNNEWELL             :    Civ. No. 3:17CV00893(AWT)
                              :
v.                            :
                              :
BAKERCORP                     :    March 27, 2018
                              :
------------------------------x
```

## DISCOVERY RULING

Pending before the Court is a discovery dispute related the First Set of Interrogatories and Requests for Production served by plaintiff Carroll Hunnewell ("plaintiff"). See Doc. #43. On February 9, 2018, plaintiff filed a Motion for Extension of Time until April 30, 2018, to Complete Discovery. [Doc. #39]. Defendant BakerCorp ("defendant") filed an objection to that motion on February 12, 2018. [Doc. #40]. On February 13, 2018, Judge Alvin W. Thompson referred plaintiff's motion for extension of time to the undersigned. [Doc. #41]. On February 15, 2018, the Court granted, in part, and denied, in part, plaintiff's motion for extension of time. See Doc. #42. As part of that Order, the Court required that counsel "file a joint notice with the Court on or before March 7, 2018, if they are unable to resolve any discovery disputes related to plaintiff's written discovery requests." Id. On March 7, 2018, the parties filed a Joint Notice of Discovery Dispute. [Doc. #43]. As a

result, the Court scheduled an in-person discovery status conference for March 16, 2018. [Doc. #44]. In anticipation of that conference, the Court ordered the parties to file, on or before March 13, 2018, "a joint status report describing with specificity any remaining discovery disputes." Doc. #45. The Court also required counsel to file a copy of the disputed discovery requests and objections with the joint status report. See id.

Counsel failed to file the joint status report as ordered. Accordingly, on March 14, 2018, the Court entered an order canceling the March 16, 2018, discovery conference under the assumption that because no status report had been filed, counsel had resolved all outstanding disputes. See Doc. #46. Moments after the Court issued that Order, counsel for plaintiff filed the joint status report required by the Court's March 8, 2018, Order. See Doc. #47. The joint status report failed to include a copy of the discovery requests and objections at issue. Counsel for plaintiff also filed an "Emergency Motion Rescind Cancellation of In Person Status Conference." [Doc. #48] (sic). On March 15, 2018, the Court granted, in part, and denied, in part, plaintiff's emergency motion. [Doc. #49]. As part of that Order, the Court required counsel to file a copy of the disputed discovery requests and objections at issue in the parties' joint

status report. See id. The Court rescheduled the discovery status conference to March 20, 2018. [Doc. #51].

On March 20, 2018, the Court conducted an in-person discovery status conference and heard argument regarding the disputed discovery requests. See Doc. ##51, 52. Following the conference, the Court entered an order requiring defense counsel to file a status report by the close of business on March 23, 2018, addressing, inter alia, "the possibility for the production of electronically stored information in response to plaintiff's Requests for Production 5, 6, 6 (sic), 7, 8, and 9, if narrowed as contemplated during the March 20, 2018 discovery status conference." Doc. #53. Pursuant to that Order, counsel for defendant filed a Status Report stating that counsel had

> collected the available .pst files containing the Outlook data for the individuals discussed during the March 20, 2018 discovery conference. Defense counsel has been informed that .pst files do not necessarily contain calendar entries; however, it is currently reviewing the data to assess what, if any, electronic calendar entries are available in these files. Defendant anticipates that it will be able to complete this process and review the potentially responsive data that may be discovered by April 6, 2018.

Doc. #54 at 1. Defense counsel further represented:

> On March 23, 2018, Plaintiff provided a written statement summarizing the specific Outlook notes requested related to Plaintiff – i.e., the notes from April 8, 2016 through April 18, 2016. Defendant has identified a majority of the Outlook notes requested; however, its review of Plaintiff's .pst does not include outlook notes for the following dates: April 10, 2016 or

> April 18, 2016. Defendant has no way to verify whether
> outlook notes even exist for either of these dates."

Id. at 1-2 (sic).

After considering the parties' written submissions [Doc. ##47, 50, 54], and the arguments of counsel, the Court **SUSTAINS, in part, and OVERRULES, in part**, defendant's objections to plaintiff's First Set of Interrogatories and Requests for Production.

**A.   FACTUAL BACKGROUND**

Plaintiff proceeds pursuant to a Second Amended Complaint alleging the following causes of action: (1) Violation of Connecticut General Statutes section 31-51q (liability of an employer for discipline or discharge of employee on account of employee's exercise of certain constitutional rights); (2) Violation of Public Policy; and (3) Breach of Implied Contract. See generally Doc. #24, Second Amended Complaint. Plaintiff alleges that his employment was terminated because he complained that certain safety policies were not being enforced when another employee was allowed to perform pipe fusing work without the proper recertification. See generally id. Defendant has filed a motion to dismiss Count Three of the Second Amended Complaint; that motion remains pending. [Doc. #32].

**B.   LEGAL STANDARD**

Rule 26(b)(1) of the Federal Rules of Civil Procedure sets forth the scope and limitations of permissible discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). The advisory committee's notes to the recent amendment of Rule 26 further explain that

> [a] party claiming that a request is important to resolve the issues should be able to explain the ways in which the underlying information bears on the issues as that party understands them. The court's responsibility, using all the information provided by the parties, is to consider these and all the other factors in reaching a case-specific determination of the appropriate scope of discovery.

Fed. R. Civ. P. 26 advisory committee's note to 2015 amendment. "[T]he burden of demonstrating relevance is on the party seeking discovery[.]" Mason Tenders Dist. Council of Greater New York v. Phase Constr. Servs., Inc., 318 F.R.D. 28, 36 (S.D.N.Y. 2016). Once the party seeking discovery has demonstrated relevance, the burden then shifts to "[t]he party resisting discovery ... [to] show[] why discovery should be denied." Cole v. Towers Perrin

Forster & Crosby, 256 F.R.D. 79, 80 (D. Conn. 2009) (alterations added).

**C. DISCUSSION**

After several meet-and-confers, the parties have narrowed their dispute to a discrete number of written discovery requests. See Doc. #47. The Court addresses each in turn.

**1. Request for Production 21**

Request for Production 21 seeks: "A copy of the 'Safety business plan' associated with the Woodland Pulp LLC project conducted in April 2016 in Baileyville, Maine." Doc. #50-1 at 22. Defendant objected to this request, in pertinent part, as follows:

> [T]he 'safety business plan' associated with the Woodland Pulp, LLC project is irrelevant to the claims and issues in dispute. Plaintiff's claims relate to a specific alleged safety issue that he claims he raised relating to the certification of another employee. Plaintiff has not made any allegations concerning the application or effect of the safety business plan associated with the referenced project.

Id.

Plaintiff contends this information is relevant because it "concerned the particular job-site about which the Plaintiff was expressing his concerns regarding the alleged violation of Defendant's pipe fusing certification policy." Doc. #47 at 1. Defendant maintains its objection on relevance grounds. See id. During the March 20, 2018, discovery conference, counsel for

defendant represented that the safety business plan is an evolving document that covers an entire construction project and is not limited to the safety of pipes and fusing.

Defendant's objection to Request for Production 21 is **OVERRULED, in part.** On or before **April 13, 2018,** defendant shall produce the portions of the safety business plan associated with the Woodland Pulp LLC project that relate to (1) the certification requirements for employees who performed fusing on pipes at that project, and (2) the types and PSI capacities of pipe upon which such fusing was to be performed.

### 2. Interrogatory 12 and Request for Production 22

Interrogatory 12 requests defendant to: "Identify each and every documented instance in the last ten (10) years in which the protocols set forth in the defendant's Whistleblower Policy were followed, and for each, provide a brief description of the claims or contentions made by the complainant." Doc. #50-1 at 10. Request for Production 22 seeks "[a]ll non-privileged documents identified in Interrogatory 12." Id. at 22. Defendant objected on the grounds that the discovery requests are over broad, unduly burdensome, vague and ambiguous as framed, not limited to a reasonable time frame, seek irrelevant information that is not proportional to the needs of the case, and seek information protected by the attorney-client privilege and work product doctrine. See id. at 10-11, 22.

Plaintiff has offered to limit Interrogatory 12 to "the last five years and to the individuals identified in Defendant's initial discovery protocol[,]" and "maintains that this information is relevant to show that the Defendant's whistleblower policy is not followed." Doc. #47 at 2. Defendant stands on its objections, and contends that the proposed limitation does not address the merits of those objections. See id. During the March 20, 2018, discovery status conference, after the Court inquired why the request was not limited to "similar" whistleblower complaints, plaintiff's counsel stated that it was his "intention" to seek information relating to whistleblower complaints regarding safety issues, and that this intention was conveyed during counsel's meet-and-confer. Defense counsel disagreed with that representation and stated that it was not until the discovery conference, and at the Court's suggestion, that plaintiff presented this as a request for "comparator" information.

The Court **SUSTAINS** defendant's objection to Interrogatory 12 and Request for Production 22 on the grounds that the requests as framed -- even as narrowed in the joint status report -- are overbroad and seek information that is not reasonably calculated to lead to the discovery of admissible evidence. The Court also declines to re-write Interrogatory 12 for plaintiff given that he had an opportunity to limit this

request and articulate a "comparator" request in the joint status report, but did not do so.

3. **Interrogatory 13**

Interrogatory 13 requests defendant to: "Identify each and every documented instance in the last ten (10) years in which a salaried, a.k.a. non-exempt, employee was terminated, demoted or reprimanded for violating defendant's code of safety, safety protocols or policies and for each, provide a brief description of the nature of the violation and the adverse action taken against the employee." Doc. #50-1 at 11. Defendant objected on the grounds that the interrogatory is over broad, unduly burdensome, vague and ambiguous as framed, not limited to a reasonable time frame, seeks irrelevant information that is not proportional to the needs of the case, and seeks information protected by the attorney-client privilege and work product doctrine. See id. at 11.

Plaintiff contends that the information sought "is relevant to his Complaint because it relates to the motivation of Chuck Rickman, the individual who made the decision to terminate Plaintiff's employment. ... [I]t was the prospect of disclosure that Rickman and others were in violation of company safety policy that they feared their own dismissal[.]" Doc. #47 at 3 (sic). Defendant stands on the objection that the interrogatory seeks irrelevant information, and "disagrees with the new theory

Plaintiff has advanced ... including that 'Rickman and others' were in violation of a safety policy." Id. at 3.

The Court **SUSTAINS** defendant's objections that Interrogatory 13 is overbroad as framed and not reasonably calculated to lead to the discovery of admissible information. Although plaintiff contends that the information sought is relevant because "it relates to the motivation of Chuck Rickman," this is not what Interrogatory 13 seeks, and the Court declines to re-write this interrogatory for plaintiff.

4. **Interrogatory 14**

Interrogatory 14 requests defendant to: "List and identify all professional degrees, certificates, licenses, certifications and re-certifications held by Dave Arruda during his period of employment with Defendant. For each, state the date it was acquired and whether it was valid and in-force in April 2016." Doc. #50-1 at 11-12. Defendant objected on the grounds that this interrogatory is over broad, unduly burdensome, and seeks irrelevant information that is not proportional to the needs of the case. See id. Notwithstanding those objections, defendant responded and produced a copy of Dave Arruda's recertification. See id.

Plaintiff represents that he "agreed to limit this request to a copy of Dave Arruda's fusing certificate from his prior employer as well as a copy of the recertification that Mr.

Arruda received during the course of his employment with Defendant (which had already been produced)." Doc. #47 at 4. Defendant represents that it has searched for Mr. Arruda's prior fusing certificate and that it is not in defendant's possession, custody or control. See id. Defendant reasserted this position at the March 20, 2018, discovery conference. Plaintiff does not contest the nature of defendant's search or the representation that the certificate is not in its possession, custody or control. Plaintiff's counsel voiced his intention to seek this information directly from Mr. Arruda, and also indicated that he would like to depose Mr. Arruda, to which defendant objects. See also id.

    The Court **OVERRULES** defendant's objection with respect to plaintiff's request to subpoena the information sought from Mr. Arruda. The Court will reopen discovery for the limited purpose of permitting plaintiff to issue a subpoena to Mr. Arruda for the production of his fusing certificate from his prior employer. **No other documents may be sought in this subpoena**. Plaintiff must issue this subpoena on or before **April 6, 2018**. The Court **SUSTAINS** defendant's objection to plaintiff's request to depose Mr. Arruda. Plaintiff has failed to establish the requisite good cause to reopen discovery for the purpose of deposing a non-party witness, particularly where, as here, the information sought may be obtained by less intrusive means. See,

e.g., Bakalar v. Vavra, 851 F. Supp. 2d 489, 493 (S.D.N.Y. 2011) ("In deciding whether to reopen discovery, courts consider whether good cause exists.").

5. **Request for Production 2**

Request for Production 2 seeks: "All discovery produced by or on behalf of the defendant in the action brought against it in United States District Court, District of Massachusetts captioned West v. Firstlight Power Enterprises, Inc., et al., Docket No. 3:12-cv-30069." Doc. #50-1 at 12. Defendant objected

> on the basis that it overly broad, unduly burdensome and seeks information that is not relevant to the claims or defenses at issue in this lawsuit. The referenced litigation is wholly unrelated to the claims and issues in dispute in the present lawsuit, which arise from Plaintiff's alleged complaint concerning work performed by David Arruda and his subsequent termination for engaging in threatening and abusive behavior.

Id. at 12-13 (sic).

Plaintiff states that he is "willing to limit this request to the West discovery that refers to or relates to Plaintiff, Carroll Hunnewell, Jon Heslin, Wade Bergeron and Chuck Rickman." Doc. #47 at 5. Defendant stands on its objections and asserts that Request for Production 2 "is a flat-out fishing expedition." Id. During the March 20, 2018, discovery status conference, plaintiff's counsel asserted that the West litigation is relevant to plaintiff's state of mind when he

reported the safety concerns which allegedly lead to the termination of his employment.

Request for Production 2, even as narrowed, seeks irrelevant information, and the Court **SUSTAINS** defendant's objection to that request on relevance grounds. The West litigation involved a wrongful death suit against a corporation that later filed a cross-claim against defendant. The claims and defenses in West are entirely different from those asserted here. While the fact that the West litigation occurred, and that plaintiff was deposed during the course of that litigation, may be relevant in some general sense, those facts are not in dispute. The actual discovery produced by defendant in the West litigation is not relevant to the claims and defenses asserted in this matter.

6. **Requests for Production 5, 6, 6 (sic), 7, 8, and 9**

Requests for Production 5, 6, 6 (sic), 7, 8, and 9 seek: "All work-related travel logs, calendars, diaries, journals or notes of events maintained ... whether in paper or electronic form concerning the allegations of Plaintiff's Complaint, for the period of January 1, 2016, to the present and continuing through trial." Doc. #50-1 at 14-17. Each request for production seeks documents from one of the following custodians: Wade Bergeron; plaintiff; Chuck Rickman; Jon Heslin; Paul Lundquist; and Dave Arruda. See id. Defendants objected to each of these

requests on the grounds that each request is over broad, unduly burdensome, vague and ambiguous as framed, seeks irrelevant information that is not proportional to the needs of the case, and seeks information protected by the attorney-client privilege and work product doctrine. See id.

Plaintiff has offered to limit these requests to three topics. See Doc. #47 at 6. Defendant stands on its objections and further contends that it "does not have a reasonable means to identify the full body of documents that would need to be reviewed in order to assess whether the documents responsive to this request even exist." Id. During the March 20, 2018, discovery conference, plaintiff further agreed to limit the temporal scope of these requests to the period of January 1, 2016, through May 1, 2016. Plaintiff's counsel also stated that in particular, he was seeking plaintiff's Outlook notes for the week leading up to his termination. Counsel for defendant stated that to the extent defendant was able to locate that particular week of notes for plaintiff, and assuming there was no technical difficulty in producing the same, defendant would be willing to produce those notes authored by plaintiff. Counsel for defendant also represented that she would confer with her IT department to ascertain the process required to identify and produce the six custodians' calendars and notes for the time period of January 1, 2016, through May 1, 2016.

In light of plaintiff's counsel's agreement to narrow the temporal scope of these requests, and the representations set forth in the March 23, 2018, status report of defense counsel [Doc. #54], the Court **OVERRULES** defendant's objections to these requests, as narrowed during the March 20, 2018, discovery conference. Defendant shall produce any Outlook notes and calendars (if they exist) for the six identified custodians, for the time period of January 1, 2016, through May 1, 2016, that relate to: (1) Mr. Arruda's fusing certifications; (2) defendant's fusing policy; or (3) plaintiff's termination. Defendant shall produce this information to plaintiff on or before **April 13, 2018.**

**D. CONCLUSION**

Accordingly, for the reasons articulated above, the Court **SUSTAINS, in part, and OVERRULES, in part**, defendant's objections to plaintiff's First Set of Interrogatories and Requests for Production.

This is not a Recommended Ruling. This is an order regarding discovery which is reviewable pursuant to the "clearly erroneous" statutory standard of review. 28 U.S.C. §636(b)(1)(A); Fed. R. Civ. P. 72(a); and D. Conn. L. Civ. R. 72.2. As such, it is an order of the Court unless reversed or modified by the district judge upon motion timely made.

SO ORDERED at New Haven, Connecticut this 27th day of March, 2018.

                                             /s/  
                               HON. SARAH A. L. MERRIAM  
                               UNITED STATES MAGISTRATE JUDGE